Bush *v.* Keller.—In Error.

A BILL was filed by *Keller* containing, in substance, the following statement of facts:

On the 5th of *August*, 1846, the complainant commenced an action of debt against *Israel Bush* and *Zachariah Bush*, upon a sealed note for the payment of 125 dollars; which note, with another for a similar sum, had been made in consideration of the sale and conveyance of all the complainant's interest in certain real estate and personal property. The defendants, knowing at the time that the complainant's claim to said property was contested by another claimant, were to take upon themselves all risk as to the title. The parties stated the agreement thus made to one *Roland*, who was employed to draw up a deed, but who, by mistake, and contrary to the instruction of the parties, drew up a general warranty deed, and the complainant, who was ignorant of the proper forms of deeds, executed it. Afterwards, the person who claimed the property in opposition to the complainant succeeded in establishing a good title to it, and the defendants, in the suit upon the note above mentioned, had set up as defence that the consideration of the note had failed, and threatened to hold the complainant bound by his said covenants in the deed above mentioned.

The prayer of the bill was for an injunction to prevent the defendants from setting up the said covenants, or any supposed breach thereof, as a defence to the suit upon the note, and restrain the defendants from using said covenants in any suit against the complainant.

The defendants answered, denying all the material charges made. The cause was submitted upon the bill, answers, exhibits, and depositions, and a decree was rendered perpetually enjoining the defendants in this suit from setting up, or insisting on the covenants in the deed as a defence in the suit at law, and from bringing suit on said covenants on account of any failure of title to the property in question.

May Term, 1850.

Upon an examination of the testimony in the case, we are of opinion that it was not clearly established that the complainant was to give merely a quit claim deed, and that the defendants were to run the risk of the complainant's title being good. Some of the depositions strongly tend to prove that it was the intention of the parties that the deed was to contain covenants of warranty. The evidence is, indeed, contradictory, but as there should be, at least, a strong case made to authorize such a decree as was rendered in this instance, we think, without considering other objections made to the proceedings, that the decree should be reversed.